UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GREGORY PECK JACKSON, | Case No. 1:20-cv-00198-JDP |
|---|---|
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY AND FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| ROBERT NEUSCHMID, *et al.*, | RESPONSE DUE IN THIRTY DAYS |
| Respondent. | ECF No. 1 |

Petitioner Gregory Peck Jackson, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**Discussion**

This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (explaining that federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency.). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief

1

under § 2254 must comply with a one-year statute of limitations. For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A). Statutory tolling applies to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). A petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, petitioner was convicted of assault with a firearm on February 11, 2014; he did not seek direct review of his conviction. ECF No. 1 at 1, 7. Absent any statutory or equitable tolling, the one-year statute of limitations expired on April 14, 2014 under § 2244(d)(1)(A).[1] Over five years later, on September 19, 2019, petitioner sought habeas relief in the state supreme court.[2] *Id.* at 4. His petition was dismissed on December 18, 2019 as untimely. *Id.* Petitioner then sought federal habeas relief on January 23, 2020. Because the record indicates that the petition may "fall outside the one-year time period, the petitioner has the burden of demonstrating that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), abrogated on other grounds by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Therefore, the petitioner must explain to this court how his petition complies with § 2244(d).

Moreover, petitioner fails to state a cognizable federal habeas claim. To pass screening, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). Federal habeas relief is not available for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67

---

[1] We arrive at July 19, 2016 by adding 60 days to the date of petitioner's conviction, which is the time for seeking direct review of a criminal conviction in California. *See* Cal. R. of Ct. 8.308(a) (West 2010).

[2] This application did not affect the timeliness of the instant petition. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval.").

(1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue a writ [of habeas corpus] on the basis of a perceived error of state law."). Here, petitioner claims that California's procedure for initiating a criminal case by felony complaint is improper.[3] ECF No. 1 at 15. Petitioner argues that the complaint did not confer jurisdiction on the state trial court, did not give petitioner proper notice of the charges brought against him, and that the filing itself was a public offense that nullified petitioner's conviction. *See id.* at 15-28. We cannot find any "clearly established federal law" holding California's criminal complaint procedure unconstitutional. Therefore, we will order petitioner to show how his claims are cognizable under federal habeas review.

**Order**

Within thirty days of the date of service of this order, petitioner is ordered to show cause why his petition should not be dismissed as untimely and for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated: April 1, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

---

[3] Notably, the bulk of the petition appears to be a photocopy of a boilerplate habeas petition challenging the California's criminal complaint procedure and is devoid of any references to the facts or circumstances of petitioner's case.

3