UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PECK JACKSON,<br><br>           Petitioner,<br><br>   v.<br><br>ROBERT NEUSCHMID, *et al.*,<br><br>           Respondents. | Case No.   1:20-cv-00198-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS UNTIMELY AND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>RESPONSE DUE IN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Gregory Peck Jackson, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner claims that California's procedure for initiating a criminal case by felony complaint is improper. *Id*. at 15. On April 2, 2020, we ordered petitioner to show cause within thirty days of the date of service of our order why the petition should not be dismissed as untimely and for failure to state a claim. ECF No. 10. More than thirty days have passed, and petitioner has failed to respond to our order. For the following reasons, we recommend the petition be dismissed.

**Discussion**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with a one-year statute of limitations. For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A). Here, petitioner was convicted of assault with a firearm on February 11, 2014; he did not seek direct review of his conviction. ECF No. 1 at 1, 7. Absent any statutory or equitable tolling, the one-year statute of limitations expired on April 14, 2015 under § 2244(d)(1)(A).[1] Nearly five years later, on January 23, 2020, petitioner sought federal habeas relief through the instant petition. Petitioner does not argue that he is entitled to any tolling.[2] Therefore, we find that petitioner has failed to meet his burden to show that the petition is timely. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), abrogated on other grounds by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Moreover, petitioner failed to allege a violation of "clearly established federal law"— meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). Federal habeas relief is not available for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue a writ [of habeas corpus] on the basis of a perceived error of state law."). Here, petitioner claims that California's procedure for initiating a criminal case by felony complaint is improper.[3] ECF No. 1 at 15. Petitioner argues that the complaint did not confer jurisdiction on the state trial court, did not give petitioner proper notice of the charges brought against him, and

---

[1] We arrive at April 14, 2015 by adding 60 days to the date of petitioner's conviction, which is the time for seeking direct review of a criminal conviction in California. *See* Cal. R. of Ct. 8.308(a) (West 2010).

[2] Although petitioner sought habeas relief in the California Supreme Court on September 19, 2019, that petition did not affect the timeliness of the instant petition. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval.").

[3] The petition appears, in large part, to be a photocopy of a boilerplate habeas petition challenging California's criminal complaint procedure as unconstitutional and is devoid of any references to the facts or circumstances of petitioner's case.

2

that the filing itself was a public offense that nullified petitioner's conviction. *See id.* at 15-28. We have found no "clearly established federal law" holding California's criminal complaint procedure unconstitutional.

Therefore, we find that it plainly appears that petitioner is not entitled to relief. We recommend that the petition be dismissed as untimely and for failure to state a cognizable claim.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court decline to issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court grant dismiss the petition as untimely and for failure to state a claim and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated: __May 22, 2020__      _____
UNITED STATES MAGISTRATE JUDGE

No. 206.