UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PECK JACKSON,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID, *et al.*<br><br>    Respondents. | No.  1:20-cv-00198-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY AND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. No. 12) |

Petitioner Gregory Peck Jackson, a state prisoner proceeding without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On May 22, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed both because it is untimely and because it fails to allege a violation of clearly established federal law.  (Doc. No. 12.)  The findings and recommendations also recommended that a certificate of appealability not be issued.  (*Id.*)  The findings and recommendations were served on petitioner and contained notice that objections thereto were due within 14 days of service.  (*Id.*)  Petitioner did not file any objections and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the

1

court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further with this habeas action. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on May 22, 2020 (Doc. No. 12) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and

4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: __**July 16, 2020**__      _____/s/ Dale A. Drozd_____
UNITED STATES DISTRICT JUDGE